## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **HARTFORD & SONS LLC,** | ) | Case No.   13-34832 |
| | ) | |
| **Debtor.** | ) | Honorable Donald Cassling |

### INTERIM AGREED ORDER (A) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND (B) SCHEDULING A FINAL HEARING

Upon interim consideration of the motion (the "Motion") of Hartford & Sons LLC., debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, requesting this Court's authorization to use the cash collateral of Schaumburg Bank & Trust Co., N.A. ("Secured Creditor") pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001; due notice of the Motion having been given to all parties entitled thereto; Secured Creditor having agreed to Debtor's use of its cash collateral on an interim basis and pending a final hearing on the Motion (the "Final Hearing") pursuant to an approved budget attached hereto as Exhibit A (the "Budget") and the terms of this Order (the "Order"); a preliminary hearing having been held on the Motion pursuant to the provisions of Fed. Bankr. P. 4001(c)(2); sufficient cause appearing therefore:

IT IS HEREBY FOUND:

A. On August 30, 2013 (the "Petition Date"), the Debtor commenced in this Court a case under chapter 11 (the "Chapter 11 Case") of the Bankruptcy Code (the "Code"), and continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Code;

B. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

C. Debtor acknowledges, agrees and stipulates that: (1) pursuant to a business loan agreement dated July 8, 2011 between Debtor and Secured Creditor, which was amended and modified from time to time (the "Loan Agreement") together with ancillary security agreements, notes and other instruments delivered in connection therewith (the "Loan Documents"), Secured Creditor made loans and advances and provided other financial accommodations to or for the benefit of the Debtor; (2) that as security for the loans and advances made pursuant to the Loan Agreement and Financing Documents, Debtor granted to Secured Creditor a continuing security interest in and to all of Debtor's right, title and interest in and to all or substantially all of

Debtor's assets, which assets include (but is not limited to) machinery, equipment, and receivables, and which assets, cumulatively, constitute "cash collateral," as that term is defined in section 363(a) of the Code; as of the Petition Date, Debtor was indebted to Secured Creditor; by virtue of the Loan Documents, Secured Creditor asserts valid, perfected, enforceable and first-priority liens in all or substantially all of Debtor's assets, including any cash collateral; Debtor waives, discharges and releases any right it may have to challenge any of the liens asserted by the Secured Party (including the validity, perfection, enforceability and priority;

D. The ability of the Debtor to finance its operations and the availability to the Debtor of sufficient working capital and general liquidity is in the best interests of the Debtor, its creditors and the estate, and the use of cash collateral is vital to avoid immediate and irreparable harm to its business, property and estate, and necessary to allow for the orderly continuation of Debtor's business;

E. Based upon the record presented by the Debtor to this Court, the use of cash collateral on the terms set forth herein reflects the Debtor's exercise of prudent business judgment and has been negotiated in good faith and at arms' length between Debtor and Secured Creditor;

IT IS HEREBY ORDERED:

A. The Motion is granted on an interim basis pursuant to section 363(c) of the Code, and subject to the terms and conditions set forth in this Order. This Order shall be effective immediately, and shall continue until _____ (the "Expiration Date"), unless extended or terminated prior to that date pursuant to the terms set forth herein.

B. Unless otherwise expressly agreed by the Secured Creditor (in its sole discretion), Debtor is authorized to use cash collateral strictly in accordance with the Budget to pay actual, ordinary, and necessary post-petition expenses of the Debtor's business, subject to a permitted variance of 10% per line item, provided however, that Debtor may exceed such 10% line-item variance so long as, in the aggregate, payments under the Budget do not exceed 110% of the total projected amount for each week's disbursements,

C. In consideration for the use of its cash collateral (solely upon the terms and condition of this Order, Secured Creditor shall receive the following (collectively, the "Adequate Protection"):

1. Replacement liens and continuing security interests in all post-petition property and collateral of the Debtor, including all cash collateral, to the same extent, validity, and priority as the Secured Creditor had pre-petition in such property, without the necessity of any additional documentation or filing statements. Secured Creditor may, in its discretion take any further action it deems reasonably necessary to perfect its replacement liens and security interest contemplated herein, and Debtor shall cooperate in the execution of any financing statement or documentation requested by Secured Creditor to evidence the same;

2. An allowed administrative claim against the Debtor's estate under 507(b) of the Bankruptcy Code to the extent there is a diminution in Secured Creditor's interests in its pre-petition collateral that results from, arises from or is attributable in any way to the Debtor's use of cash collateral and liens, to be afforded the highest available priority;

3. Payments in the amount of _____ each month to be made in collected funds on or before the fifteenth day of each month with the first such payment due September 30, 2013; and

4. Reimbursement for the legal fees and expenses reasonably incurred (pre-petition and post-petition) by Secured Creditor in connection with the Motion or Order, and any additional motion, hearing or Final Order contemplated herein, provided, however, that no such payments by Debtor as part of Adequate Protection shall be subject to approval by the Court or to the US Trustee Guidelines, and Secured Creditor shall not be required to file with respect thereto any interim or final fee application with the Court. Instead, any request for payment made hereunder shall be submitted to the U.S. Trustee and any counsel to an official committee of unsecured creditors (if appointed) who shall have ten (10) days to posit specific objections in good faith to the request, in whole or in part. The failure to make a timely specific objection constitutes a waiver of that right. The Debtor shall pay the full undisputed amount requested within seven (7) days thereafter, and as necessary, the Court shall resolve any dispute, and order the Debtor to make additional payments to Secured Creditor in accordance with its determination (including fees and expenses incurred in resolving the dispute).

5. The Debtor will provide the Secured Creditor with: all reports required under the Loan Documents, including but not limited to accounts receivable reports, accounts payable reports, inventory ledgers, cash flow reports and monthly financial statements; a spreadsheet comparing the amount set forth on each line on the Budget with any actual disbursements related to each line (the "Variance Report"); and a Receipt and Account Report (as such terms are defined below) for the month of September at least five business days prior to any final hearing on use of cash collateral. Additionally, upon reasonable notice, and during reasonable hours, Debtor will permit Secured Creditor to inspect its books and records, including all inspection necessary to conduct an appraisal of the value of Debtor's property, and Debtor's counsel will promptly supply any and all requested copies of such records to attorneys of the Secured Creditor by overnight mail or by email.

D.   Other than as set forth above, all funds in or that come into Debtor's possession and control -- other than cash collateral that is authorized to be used pursuant to this interim order and such funds that are paid as adequate protection pursuant to this interim order -- shall be deposited promptly into the Debtor's post-petition business bank account and shall not be

expended except in compliance with this interim order or other prior order of the Court. On or before the fifth business day before the expiration of this interim order, the Debtor shall provide counsel for the Secured Creditor a summary of all business receipts, and a specific record of each deposit and disbursement from each account of the Debtor (the "Receipt and Account Report"). During the pendency of this Chapter 11 Case and until further order of the Court, all cash of Debtor now or hereafter acquired is deemed to be cash collateral of Secured Creditor; and the Secured Creditor's security interest in all cash collateral shall be deemed perfected under the Uniform Commercial Code in all cash wherever located now and wherever located in the future.

     E.    As an additional and express condition of its use of cash collateral, Debtor shall be obligated to maintain and pay premiums for insurance to cover all of its assets from fire, theft, water damage, and any other casualty events to the same extent and with the same coverage as such were maintained and paid pre-petition.

     F. This Order shall terminate upon the earliest of the following (the "Termination Date"):

          a.    The Expiration Date;

          b.    Any material breach or violation of the terms of this Order that remains uncured for 48 hours after written notice;

          c.    By agreement of the parties;

          d.    Entry of a Court order directing the cessation of payments contemplated herein;

          e.    Conversion of this proceeding to one under Chapter 7 of the Secured Bankruptcy Code;

          f.    Dismissal of this Chapter 11 Case; or

          g.    Appointment of a trustee in this proceeding;

     G.    This interim order is made without prejudice to any party's rights, including but not limited to rights to seek a determination at a later date as to the necessity or continued adequacy of adequate protection for any collateral of the Secured Creditor. Further, this Interim Order is without prejudice to any party's rights to challenge the validity, priority, or extent of any lien, or to challenge the application of any rights of any party to any property under the Court's jurisdiction.

     H.    This interim order shall not be deemed to have suspended of waived any of the respective rights or remedies of the Secured Creditor under the Bankruptcy Code, other applicable law, or any pre-petition loan and security documents. Unless otherwise stated herein, no failure or delay of any party to require strict performance of any provision of this interim order shall waive, affect, or diminish any right of any party thereafter to require strict

compliance and performance therewith.  All adequate protection payments are provisional and subject to accounting by the Secured Creditor upon motion and request by a party in interest.

  I. If any or all provisions of this Order are hereafter modified, vacated, amended or stayed by subsequent order of this Court (or any other court), such modification, vacatur, amendment or stay shall not affect the validity of the Debtor's obligation incurred prior thereto, or any payment made and received in good faith prior thereto and pursuant to the terms of this Order.

  J. The Debtor is hereby authorized to execute any documents as may be required to carry out the provisions of this Interim Order.

  K. A final hearing on the Motion shall be held on or before September _____, 2013.  Debtor shall promptly serve by email, overnight mail, facsimile or hand delivery, true and correct copies of this Order and notice of a final hearing to its twenty largest creditors, all secured creditors, the US. Trustee and counsel for any official committee and parties requesting notice in the Chapter 11 Case.  Such notice shall constitute due and adequate notice of the Final hearing on all parties.  Any party wishing to object must do so in writing, which objection shall be filed with the Clerk of the Bankruptcy Court by no later than _____, and served on counsel for the Debtor and Secured Lender in addition to the persons listed above.

Dated: _____

            By: _____
               United States Bankruptcy Judge

Prepared by:
David R. Herzog
HERZOG & SCHWARTZ, P.C.
Attorneys for Debtor
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
(312) 977-1700