# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re  Hartford & Sons, LLC,           )
                                       )
                                       )  Bankruptcy No.  13-34832
                                       )
           Debtor.                     )  Chapter         7

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant:  Nixon Peabody LLP

Authorized to Provide Professional Services to:  R. Scott Alsterda, Chapter 7 Trustee

Date of Order Authorizing Employment:  October 15, 2013 [Dkt. 58] effective as of September 18, 2013

Period for Which Compensation is Sought:
From  October 3, 2013  through  May 27, 2017

Amount of Fees Sought:  $ 30,509.50

Amount of Expense Reimbursement Sought:  $ 447.80

This is an:  Interim Application _____   Final Application  ✔

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  June 8, 2017                              R. Scott Alsterda
                                                       (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HARTFORD & SONS, LLC, | ) | Case No. 13-34832 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

**BACKGROUND**

1. Hartford & Sons, LLC (the "Debtor") filed its voluntary petition under Chapter 11 of the Bankruptcy Code on August 30, 2013 (the "Petition Date") [Dkt. 1].

2. On September 13, 2013, Schaumburg Bank & Trust Company (the "Bank") filed a motion to convert the Debtor's Chapter 11 case to a Chapter 7 case [Dkt. 28] and on September 17, 2013 an Order was entered granting the Bank's motion to convert the Debtor's Chapter 11 case to a Chapter 7 case [Dkt. 36].

3. On September 17, 2013, R. Scott Alsterda was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate [Dkt. 38].

4. The Debtor's creditors' meeting was commenced on January 30, 2014 and continued to February 11, 2014, at which time the Debtor's representative appeared and was examined by the Trustee concerning the Debtor's assets, liabilities and financial affairs.

5.  Following the creditors' meeting, the Trustee filed an Initial Report of Assets [Dkt. 95] based on the Trustee's belief that were assets to be liquidated and proceeds available to distribute to creditors.

6.  On October 15, 2013, an order was entered approving the employment of Ungaretti & Harris LLP ("U&H") as counsel for the Trustee effective as of September 18, 2013 [Dkt. 58]. On June 6, 2017, an order was entered approving the substitution of Nixon Peabody LLP ("NP") as Trustee's counsel pursuant to a merger of the two law firms. Copies of the November 15, 2013 Order and the June 6, 2017 Order are attached hereto as Exhibit "A."

## CASE SUMMARY

7.  Substantially all of the Debtor's assets appeared to be subject to the Bank's lien and the Bank obtained relief from the automatic stay on November 12, 2013 to exercise its state law remedies with respect to its collateral [Dkt. 77].

8.  The Trustee with the assistance of his counsel and along with the Bank's advisors, reviewed the Debtor's financial affairs, and collectively attempted to locate equipment and reduce to cash certain accounts receivable.

9.  NP at the Trustee's direction obtained an order authorizing the Trustee to employ Heath Industrial Auction Services, Inc. ("Heath") to conduct an auction sale of the Debtor's 1995 International 4700 Dump Truck (the "Dump Truck") [Dkt. 93]. The title to the Dump Truck was not subject to the Bank's liens.

10. The Dump Truck was sold at auction, but due to the poor condition of the vehicle and certain weather related conditions, the Trustee received only $3,500.00 from the sale of the vehicle.

11. During the course of the Trustee's investigation of the Debtor's financial affairs, the Trustee became aware of certain payments made to Thomas Hartford, Jr. ("Mr. Hartford")

around the time of the Petition Date totaling $36,389.89 which the Trustee determined were avoidable and recoverable by the Debtor's bankruptcy estate (the "Transfers").

12. Following negotiations with Mr. Hartford through his counsel, Mr. Hartford delivered a check to the Trustee for $36,389.89, and NP at the direction of the Trustee prepared and filed a motion to approve a compromise and settlement with Mr. Hartford [Dkt. 100].

13. Under the terms of the Trustee's proposed settlement with Mr. Hartford, the full amount of the Transfers ($36,389.89) were to be paid to the Trustee in exchange for a limited release of claims against Mr. Hartford.

14. The Bank did not object to the amount of the Trustee's proposed settlement with Mr. Hartford, but instead took the position that all of the settlement proceeds for the Transfers should be paid to the Bank. The Trustee's proposed settlement with Mr. Hartford was approved subject to a resolution of the Bank's claim to the settlement proceeds.

15. Following briefing and various hearings on the Bank's claim to the settlement proceeds, the Court entered an order on October 28, 2014 overruling the Bank's claim to the settlement proceeds from the Transfers [Dkt. 115].

16. The Bank filed a Notice of Appeal to the District Court (Case No. 14-cv-10095, NDIL) on November 13, 2014 [Dkt. 119] and at the Trustee's direction NP briefed the issues on appeal. The Bankruptcy Court's orders approving the Trustee's settlement with Mr. Hartford and overruling the Bank's claim to the settlement proceeds from the Transfers were affirmed by the District Court on March 27, 2015 [Dkt. 145].

17. Thereafter, the Bank filed a Notice of Appeal to the Seventh Circuit Court of Appeals (Case No. 15-1894 USCA) on April 24, 2015. NP on behalf of the Trustee briefed the issues on appeal and presented the oral argument to the Seventh Circuit. On March 4, 2016, the Bank's appeal to the Seventh Circuit was dismissed.

18.  In addition to the sale of the Dump Truck and the settlement litigation, NP provided other services to the Trustee in connection with a couple of motions to modify the stay, landlord issues, employment of professionals and claims review.

## DESCRIPTION OF LEGAL SERVICES

19.  The nature and extent of the services which NP provided to the Trustee for October 3, 2013 through May 24, 2017 are summarized in the following paragraphs.

20.  Case Administration (B-110). NP provided 1.60 hours of services to the Trustee with a value of $520.00 related to the Trustee's administration of the Debtor's bankruptcy estate. These services included conferences and correspondence with the Trustee and the Bank's representatives regarding asset investigation and interim distribution issues.

21.  Relief from Stay/Adequate (B-140). NP provided 0.40 hours of services to the Trustee with a value of $202.00 related to a creditor's motion for relief from the automatic stay to pursue a mechanics lien claim in state court. These services included a review of the motion and a court appearance for the hearing on the motion.

22.  Fee/Employment Applications (B-160). NP provided 4.50 hours of services to the Trustee with a value of $1,696.50 related to the Trustee's employment of various professionals including legal counsel, tax accountant and auctioneer. NP drafted and filed the various employment motions for the Trustee's professionals. The services also included correspondence and telephone conferences with the auctioneer in order to obtain a verified declaration for filing with the employment motion.

23.  Avoidance Action Analysis (B-180). NP provided 74.00 hours of services to the Trustee with a value of $27,481.00 related to the Trustee's settlement of the Transfers with Mr. Hartford in the Bankruptcy Court and the subsequent appeals to the District Court and the Seventh Circuit. NP researched and drafted the settlement motion and the appellate court briefs.

The services also included preparation for oral arguments and several court appearances for hearings or arguments in all three courts. In addition to the foregoing services, the Trustee's counsel had telephone calls and conferences with the Trustee and counsel for the Bank and Debtor throughout the litigation.

24. <u>Other Contested Matters (B-190)</u>. NP provided 1.10 hours of services to the Trustee with a value of $357.50 related to various motions for relief from the automatic stay filed by a landlord, a car leasing company and an insurance company. The services provided by NP included reviewing and researching the various motions, court appearances on the various motions and revising the landlord's proposed order.

25. <u>Claims Administration and Objections (B-310)</u>. NP provided 0.50 of services to the Trustee with a value of $252.50 related to the claims of various creditors. These services included reviewing certain of the proofs of claim for potential objections to the priority status of the claims.

26. <u>Summary of Services</u>. The services provided to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Case Administration | B-110 | 1.60 | $520.00 |
| Relief from Stay/Adequate Protection Proceedings | B-140 | 0.40 | $202.00 |
| Fee/Employment Applications | B-160 | 4.50 | $1,696.50 |
| Avoidance Action Analysis | B-180 | 74.00 | $27,481.00 |
| Other Contested Matters | B-190 | 1.10 | $357.50 |
| Claims Administration and Objections | B-310 | 0.50 | $252.50 |
| TOTAL | | 82.10 | $30,509.50 |

27. Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

5

28.     The time expended and services rendered by the individual NP attorney is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 7.90 | $505.00 | $3,989.50 |
| Robert Drobnak | 2.50 | $475.00 | $1,187.50 |
| Seth Horvath | 40.60 | $375.00 | $15,225.00 |
| Patrick Ross | 3.10 | $325.00 | $10,107.50 |
| **TOTAL** | **54.10** | | **$30,509.50** |

29.     Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include copying at 10 cents per page in the amount of $305.70, state court copy costs (C&KM Pipe v. Hartford documents) in the amount of $14.00, and postage in the amount of $128.10, for a total amount of expenses in the amount of $447.80.

30.     Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

31.     At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

**PRAYER FOR RELIEF**

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $30,509.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $447.80.

DATE: June 8, 2017

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

Respectfully Submitted

NIXON PEABODY LLP

/s/ R. Scott Alsterda